BURKE, Judge.
The State of Alabama appeals the Jefferson Circuit Court’s decision to grant Kenneth Loggins’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which- he attacked his sentence of life imprisonment without the possibility of parole imposed for his capital-murder conviction. Originally, Loggins, who was 17 years old at the time of the offense, was sentenced to death. This Court affirmed his capital-murder conviction and death sentence on direct appeal, see Loggins v. State, 771 So.2d 1070 (Ala.Crim.App.1999), and the Alabama Supreme Court affirmed the judgment of this Court, see Ex parte Loggins, 771 So.2d 1093 (Ala.2000). This Court issued its certificate of judgment oil June 20, 2000. In 2006, pursuant to the United States Supreme Court’s decision in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which held that juveniles were not eligible for. the death penalty, Loggins was resentenced to life imprisonment without, the possibility of parole.
Loggins, through counsel, filed the instant Rule 32 petition, his second,[1] on June 24, 2013. ,, In his petition, Loggins argued that, because he was 17 years old at the time of the offense, his mandatory sentence of life imprisonment without the possibility of parole for his capital-murder conviction was unconstitutional. Specifically, he argued that the United States Supreme Court’s recent opinion in Miller v. Alabama, — U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012); in which the Supreme Court held unconstitutional a statutory sentencing scheme mandating a sentence of life imprisonment without the possibility of parole for juvenile offenders, requires that he be given another sentencing hearing. The State filed a motion to dismiss Loggins’s petition on July 12, 2013, arguing that Loggins’s claim was *1064 precluded by Rules 82.2(a)(3), (a)(5), and (b) and that Miller does not apply retroactively to cases on collateral review. On September 19, 2013, Loggins filed a reply to the State’s motion to dismiss, in which he argued that Miller does apply retroactively on collateral review, that his petition was not procedurally barred under Rule 32.2, and that his petition was sufficiently pleaded. On March 3, 2014, the circuit court issued an order granting Loggins’s petition.
The facts in this case are not in dispute, and the question before this Court on appeal — -whether the rule announced in Miller is retroactive — is a purely legal one. Therefore, we apply a de novo standard of review. See Acra v. State, 105 So.3d 460, 464 (Ala.Crim.App.2012).
On appeal, the State reasserts the claims asserted in its motion to dismiss and again argues that Loggins’s claim was precluded by Rules 32.2(a)(3), (a)(5), and (b) and that Miller does not apply retroactively to cases on collateral review.
In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court addressed and rejected the same arguments made by Loggins in his Rule 32 petition. Specifically, this Court held in Williams (1) that a postconviction claim that a mandatory sentence of life imprisonment without the possibility of parole for a juvenile offender is unconstitutional under Miller is not a valid ground for postconviction relief under Rule 32.1(b) or Rule 32.1(c) but is a constitutional claim properly raised only under Rule 32.1(a), and (2) that Miller does not apply retroactively to cases on collateral review. 184 So.3d at 1064.
Under this Court’s holding in Williams, Loggins was not entitled to relief on his challenge to his sentence of life imprisonment without the possibility of parole.
For the reasons stated above, the circuit court erred in finding that Loggins was entitled to be resentenced under Miller. Accordingly, we reverse the circuit court’s judgment and remand this case to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. Loggins filed his first petition on August 29, 2001, which the circuit court summarily dismissed. This Court affirmed the dismissal in an unpublished ' memorandum, Loggins v. State (No. CR-04-1567), 978 So.2d 72 (Ala.Crim.App.2006) (table).